IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.  Case No. <u>2:16cr6</u>

ANTHONY L. BURFOOT

## DEFENDANT ANTHONY L. BURFOOT'S BRIEF IN SUPPORT OF MOTION FOR A CONTINUANCE OF MAY 3, 2016 TRIAL DATE

COMES NOW the defendant, Anthony L. Burfoot, by counsel, and as and for his Brief In Support Of Motion For A Continuance Of May 3, 2016 Trial Date, respectfully states as follows:

### INTRODUCTION

The defendant's trial is currently set for May 3, 2016 for a one-month jury trial. For the reasons set forth below, to-wit, pretrial preparation needs, and extant and anticipated pretrial publicity in advance of the May 3 Norfolk Mayoral and City Council elections, the defendant respectfully submits that a continuance of the trial date is justified by the interests of justice.

### FACTS

On January 7, 2016, the defendant was indicted in this Court in an eight-Count, thirty-page Indictment, alleging Honest Services Wire Fraud, Hobbs Act violations, and Perjury, following a lengthy Grand Jury investigation of approximately 2 ½ years.

Trial has been scheduled for May 3, 2016 for a one-month jury trial.

Pretrial discovery consists of approximately 50 CDs, 2 thumb drives of materials from Southern Bank, and approximately 15-20 boxes of documents at the FBI building.

The trial is scheduled to commence on the same day as the 2016 City of Norfolk Mayor and City Council elections. The Mayoral election is contested, with at least three

1

major candidates already announced. The defendant's Indictment and his position as Norfolk's City Treasurer have already become significant issues in the Mayoral and City Council races, garnering substantial public and media comment.

A recall petition is circulating seeking the Circuit Court of the City of Norfolk to remove the defendant from his elected position as Treasurer. Public announcements indicate that substantial efforts to collect signatures on the petition will be made at the polls during the Tuesday, March 1, 2016 Virginia Presidential Primaries.

## ARGUMENT

## THE INTERESTS OF JUSTICE JUSTIFY THE CONTINUANCE OF THE MAY 3, 2016 TRIAL DATE

A. The defendant's counsel is in need of additional time beyond May 3, 2016 in order to adequately and effectively prepare the defendant's case for trial.

As noted above, the defendant stands charged in a 30-page Indictment. A review of the Indictment discloses that the first 19 pages of the Indictment comprise 95 separately numbered paragraphs of factual allegations. Contained within those allegations are references to numerous alleged meetings, communications, actions, activities, and transactions purportedly involving the defendant, spanning a period of 9 years, all of which need to be investigated and vetted by defense counsel.

In addition, the Government advises defense counsel that the pretrial discovery in the cases consists of the following: approximately 50 CDs of discovery materials; 2 thumb drives of Southern Bank documents; and approximately 15-20 boxes of materials located at the FBI Building in Chesapeake.

Preliminary meetings and conferences with the defendant thus far suggest that numerous potential defense witnesses need to be identified and interviewed.

Based on counsel's experience in criminal defense work generally and in federal public corruption cases and other federal criminal cases in particular, defense counsel respectfully submits that he will need time well beyond the May 3, 2016 trial date in order to adequately and effectively prepare the defendant's case for a one-month jury trial.

B. <u>The confluence of the May 3 trial date with the 2016 City of Norfolk Mayoral and City Council elections require a continuance beyond May 3 to allow the extant and anticipated pretrial campaigning publicity to abate</u>.

In addition to defense counsel's need for additional time to prepare for trial beyond May 3, the confluence of the May 3 trial date with the 2016 City of Norfolk Mayoral and City Council elections require a continuance beyond May 3.

Between now and the May 3 election date, based upon already extant public pronouncements and pretrial publicity, the defendant expects his Indictment and his status as the Norfolk City Treasurer to be an active and on-going campaign issue.

In the mere 20 days since the Indictment of January 7, there have already been 4 editorials in the widely circulated Virginian-Pilot newspaper calling for the defendant either to resign his position or take a leave of absence. This includes lead editorials on January 9 and 27, 2016 by the paper's editorial board, and separate columns by columnists Kerry Dougherty and Roger Chesley on January 9 and 25, 2016, respectively.

Two of the three major candidates for the Norfolk Mayoral election have publicly called for the defendant either to resign or to take a leave of absence, and at least one Council candidate has done so as well.

There is no reason to expect these matters to diminish as campaign issues; but, rather, there is every reason to believe that as the May 3 elections draw nearer and the May 3 pretrial period gets underway simultaneously with motions and other developments, the

defendant's Indictment, status as Treasurer, and trial generally, will become even greater sources of public campaign issue commentary.

There is even the prospect of potential jurors voting in the City of Norfolk on May 3 either before or after the Court session that same day, and casting votes in part based upon the jurors' views of a candidate's public position on the defendant's Indictment allegations and job status.

Moreover, certain community activists have recently public announced that they are circulating a recall petition seeking to have the Circuit Court of the City of Norfolk remove the defendant from his elected position as Treasurer based upon the Indictment allegations and attendant Court proceedings. Those same activists have also indicated their intention to circulate such petition at the polls during the March 1, 2016 Virginia Presidential Primaries to obtain signatures for the recall. The timing of this recall petition and its solicitation by activists during this relatively short period before the May 3 trial further risks a contamination of the jury pool and renders the recall petition a campaign issue as well in the run-up prior to the May 3 elections, and simultaneous trial date.

The defendant respectfully submits therefore that in order to assure a fair trial for the defendant, and a proper trial environment for all parties and the Court, a period of time following the May 3 elections is necessary before a fair trial can be had, in order to permit the prejudice in connection with the pre-May 3 election campaigning on the defendant's Indictment to abate.

## CONCLUSION

The defendant recognizes that a continuance of the May 3 trial date may well mean the significant passage of additional time before the defendant's trial can be scheduled. However, the defendant does not object to such delay. The defendant would much prefer to

have time for his counsel to be ready for trial, and to have a period of time to allow the pre-May 3 election effects to abate, than to press forward with a trial date that is premature.

Accordingly, for the foregoing reasons, the defendant respectfully submits that a continuance of the May 3, 2016 trial date is justified by the interests of justice and should be so ordered.

ANTHONY L. BURFOOT  
By:      /s/  
Of counsel

Andrew M. Sacks, Esquire, VSB#: 20082  
Stanley E. Sacks, Esquire, VSB# 04305  
Attorneys for defendant Anthony L. Burfoot  
SACKS & SACKS, P.C.  
Town Point Center  
150 Boush Street, Suite 501  
Norfolk, VA 23510  
Telephone: (757) 623-2753  
Facsimile: (757) 274-0148  
E-mail: andrewsacks@lawfirmofsacksandsacks.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

    Melissa E.O'Boyle, Esquire  
    Assistant United States Attorney  
    United States Attorney's Office  
    101 West Main Street, Suite 8000  
    Norfolk, Virginia 23510  
    Phone: (757) 441-6331  
    Fax: (757) 441-6689  
    Email: Melissa.OBoyle@usdoj.gov

/s/  
Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082  
Stanley E. Sacks, Esquire, VSB# 04305  
Attorneys for defendant Anthony L. Burfoot  
SACKS & SACKS, P.C.  
Town Point Center

150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

F:\IC\BURFOOT Anthony\BriefMotCont.Trial1 27 16.docx