IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.  Case No. <u>2:16cr6</u>
 (MOTION NO. 15)

ANTHONY L. BURFOOT

## <u>DEFENDANT ANTHONY L. BURFOOT'S BRIEF IN SUPPORT OF CONDITIONAL MOTION FOR A CHANGE OF VENUE IF AN IMPARTIAL JURY CANNOT BE IMPANELLED</u>

COMES NOW the defendant, Anthony L. Burfoot, by counsel, and as and for his Brief In Support Of Conditional Motion For A Change Of Venue If An Impartial Jury Cannot Be Impanelled, respectfully states as follows:

### <u>INTRODUCTION</u>

Trial in the instant case is presently scheduled to commence in approximately 30 days on Monday, November 7, 2016, for at least a month-long jury trial in this Court.

It is well established that:

> the defendant has a constitutional right to a trial in the district where the offense was committed, Constitution of the United States, Article III § 2, Par. 3; Amendment VI.

Fed. R. Crim. P. 21, Advisory Committee Notes (1944 Adoption), Par. 3.

The defendant in the instant case very much wishes to stand upon and exercise his constitutional rights to trial in this division where the offenses are alleged to have occurred, and does not wish to have his trial transferred to another division or district.

However, Fed. R. Crim. P. 21 (a) mandates that a Court must change the trial venue "for prejudice," as follows:

> Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.

1

*See also* Advisory Committee Notes (1944 Adoption), Par. 2. (Transfer is required where "so great a prejudice exists against the defendant that he cannot obtain a fair and impartial trial in the district or <u>division</u> where the case is pending.") (emphasis added).

Mindful as he is of the exceptional volume of pretrial publicity to which the potential jury panel has been exposed over a lengthy period of time with respect to a variety of subjects related to the trial and the defendant himself, the defendant therefore reluctantly recognizes, as Rule 21 (a) contemplates, that it <u>may</u> not be possible to impanel an impartial jury drawn from his division.

Accordingly, out of an abundance of caution, to preserve his right to seek such a change of venue if fundamental fairness requires it, and out of respect for the Court and the Government in terms of providing them with notice of this contingency, for the reasons set forth herein and below, the defendant respectfully files this Conditional Motion For A Change Of Venue If An Impartial Jury Cannot Be Impanelled.

## ARGUMENT

In *United States v. Higgs, 353 F.3d 281, 307-308 (4th Cir. 2003),* the Fourth Circuit stated the governing principles in connection with a Rule 21 change of venue for prejudice, as follows:

> As a general premise, a change of venue is warranted when the court is satisfied that there exists in the district where the prosecution is pending "so great a prejudice against the defendant" that "the defendant cannot obtain a fair and impartial trial." <u>Fed. R. Crim. P. 21 (a).</u> The determination of whether a change of venue is required as a result of pretrial publicity involves a two-step process. See <u>United States v. Bakker, 925 F.2d 728, 732 (4th Cir. 1991).</u> First, the district court must determine "whether the publicity is so inherently prejudicial that trial proceedings must be presumed to be tainted," and, if so, grant a change of venue prior to jury

2

> selection. *Id.* However, "only in extreme circumstances may prejudice to a defendant's right to a fair trial be presumed from the existence of pretrial publicity itself." <u>Wells v. Murray, 831 F.2d 468, 472 (4th Cir. 1987);</u> *see also* <u>United Sates v. Jones, 542 F.2d 186, 193) (4th Cir. 1976)</u> (noting that cases in which prejudice will be presumed will be rare). Ordinarily, the trial court must "conduct [] a *voir dire* of prospective jurors to determine if actual prejudice exists." <u>Bakker, 925 F.2d at 732</u>. If "*voir dire* reveals that an impartial jury cannot be impanelled," the trial court should then grant the motion. *Id.*

*Accord United States v. Poe*, No. 94-5414 (4th Circuit, March 26, 1996); *United States v. Andrews*, Criminal No. 1:12CR100- (N.D. W.Va., March 27, 2015) (Memorandum Opinion And Order Denying Defendant's Motion For Change Of Venue at p. 2).

As referenced above, and as initially discussed in defendant's earlier Motion For A Continuance Of May 3, 2016 Trial Date (Document 15 - Defense Motion No. 1 - filed January 27, 2016), there has been a significant amount of pretrial publicity.

The original indictment of the defendant was heavily covered. Four editorials in the widely circulated Virginian-Pilot newspaper called for the defendant either to resign his position as Norfolk City Treasurer or to take a leave of absence. Candidates for the Norfolk Mayoral and City Council election on May 3, 2016 publicly discussed and condemned the defendant and his indictment. A recall petition under Virginia state law and signed by approximately 6,300 persons was certified by the Norfolk Circuit Court on or about June 20, 2016, resulting in public hearings and filings in the Norfolk Circuit Court that may ultimately lead to a recall trial in that Court after the instant federal trial. Moreover, on September 16, 2016, local builder Ronnie Boone, Sr. pleaded guilty in this Court, *inter alia*, to allegedly bribing the defendant over a period of years.

All of the foregoing events and developments have been regularly and intensely reported via print, television and other electronic media in this venue, including extensive

reporting on Mr. Boone's apparent cooperation as an expected witness against the defendant at the defendant's trial.

While the defendant is greatly concerned about the distinct possibility that the pretrial publicity in this case "'is so inherently prejudicial that trial proceedings must be presumed to be tainted,'" the defendant is unwilling at this time to waive his constitutional rights to trial in this division, and therefore <u>hopes</u> that the *voir dire* proceedings will nevertheless reflect that an impartial jury can be impanelled.

Therefore, in an effort to save his constitutional rights to trial in this division, the defendant does not request a <u>pretrial</u> change of venue. Rather, the defendant respectfully requests that the Court take the instant motion under advisement and follow the Fourth Circuit's protocol to "'conduct[] a *voir dire* of prospective jurors to determine if actual prejudice exists.'" The defendant would then respectfully reserve the right to activate or renew the instant Conditional Motion at such time, on the condition that if the *voir dire* process "'reveals that an impartial jury cannot be impanelled.'"

<u>CONCLUSION</u>

For the foregoing reasons, therefore, the defendant respectfully moves the Court to take his instant Conditional Motion For A Change Of Venue If An Impartial Jury Cannot Be Impanelled under advisement, and otherwise hold it in abeyance conditioned on whether in fact actual prejudice exists against the defendant such that an impartial jury cannot be impanelled, thereby requiring a change of venue at that time.

ANTHONY L. BURFOOT
By: /s/
        Of counsel

Andrew M. Sacks, Esquire, VSB#: 20082
Stanley E. Sacks, Esquire, VSB# 04305
Attorneys for defendant Anthony L. Burfoot

SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

Melissa E.O'Boyle, Esquire
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Phone: (757) 441-6331
Fax: (757) 441-6689
Email: Melissa.OBoyle@usdoj.gov

/s/
Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Stanley E. Sacks, Esquire, VSB# 04305
Attorneys for defendant Anthony L. Burfoot
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

F:\JC\BURFOOT Anthony\MOT 15.ChangeVenue.docx