IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No. <u>2:16cr6</u>

ANTHONY L. BURFOOT

## DEFENDANT ANTHONY L. BURFOOT'S DISCLOSURE OF EXPERT TESTIMONY AND EXPERT WITNESS NOTICE

COMES NOW the defendant, Anthony L. Burfoot, by counsel, and, pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Rules 702, 703 and 705 of the Federal Rules of Evidence, respectfully hereby serves Notice that he may elicit the following expert testimony as evidence at trial:[1]

1.      <u>SHURL MONTOGMERY</u>.      Mr. Montgomery was the Executive Director of the Norfolk Redevelopment and Housing Authority ("NRHA") from 2004-2015. As such, he had ultimate responsibility for approving all requests for proposal ("RFPs") for NRHA construction and building in the Broad Creek Community (the "Hope VI Grant") during the time of such Broad Creek redevelopment. Mr. Montgomery is expected to testify that the Broad Creek construction projects were awarded via an RFP process that was required to follow certain federal, state, and NRHA procurement guidelines.  The process included (1) a public advertisement of an RFP for redevelopment or construction services communicated by NRHA through local media; (2) a stated deadline for filing an RFP; (3) review of any submitted RFPs by NRHA within its Division of Development; and (4) an ultimate award of the winning RFP based on certain criteria, which award had to be ultimately approved by Mr. Montgomery.

---

[1] While the defendant respectfully submits that most of what is described in this summary is not expert testimony but, rather, either factual, non-expert testimony, or admissible opinion testimony by a lay witness pursuant to Rule 701 of the Federal Rules of Evidence, to the extent that the proposed testimony in any way might be considered expert testimony under Rules 702, 703 and 705, the defendant discloses this proposed testimony out of an abundance of caution.

1

Mr. Montgomery is expected to testify that the City of Norfolk (as opposed to the NRHA) had nothing to do with this RFP award process, and that the defendant as a City Council Member was not in a position to influence the NRHA RFP award process or to steer such development projects to any individual or entity.

The bases and reasons for his testimony are his significant experience and training as an administrator with the City of Norfolk from 1981-2004 as an Assistant City Manager for Planning and Development, and his training and experience from 2004-2015 as Executive Director of the NRHA.  His qualifications are his foregoing training and experience in City and NRHA administration from 1981-2015.

2.      REGINA V.K. WILLIAMS-GATES.      Ms. Williams-Gates was the City Manager for the City of Norfolk from 1999-2011.  As such, she had ultimate responsibility for approving all requests for proposal ("RFPs") for City of Norfolk construction and building in the Broad Creek Villas Development Project of the City of Norfolk. Ms. Williams-Gates is expected to testify that the Broad Creek Villas Development Project construction and building were awarded via an RFP process comprised of evaluations, reviews, and ultimately recommendations from the City Administration, and that no elected officials, including the defendant as a City Council member, were involved in conducting those evaluations and reviews, or in making the ultimate recommendations. She is expected to testify that the very RFP process itself in which the City Administration engaged provided no opportunity or mechanism for the defendant as a City Council Member to be in a position to influence the City Administration RFP award process or to steer such development or construction projects to any individual or entity.

The bases and reasons for her testimony are her significant experience and training as the City Manager for the City of Norfolk from 1999--2011, as the City Manager for San

Jose, California for 10 years prior to that, and as an Assistant City Manager and Chief of Staff for the City of Richmond for 5 years before serving as the San Jose City Manager. Her qualifications are her foregoing training and experience in the Cities of Norfolk, San Jose and Richmond, as well as her service as Director of Personnel in the Robb Administration for 3 years prior to serving as Richmond Assistant City Manager and her position as Personnel Director for the City of Richmond for approximately two and a half years before that.

      3.      <u>F. SULLIVAN CALLAHAN, ESQUIRE</u>.  Mr. Callahan is a practicing attorney in the City of Norfolk who has provided outside counsel services to the Office of the City Treasurer for the City of Norfolk in the collection of delinquent real estate taxes since 1988. Mr. Callahan is expected to testify about the delinquent real estate tax collection process. More specifically, he is expected to testify that if a property's real estate taxes become delinquent for five quarters, then he (and/or other similar outside collection attorneys) would receive a referral from the City Treasurer's Office notifying the attorney of the delinquency. Mr. Callahan is expected to testify that upon receiving such a delinquency referral, the collection attorney would send a private letter to the owner of the property as well as to the property address requesting immediate payment and advising that if payment were not made in full within 30 days thereof, a public notice would issue immediately announcing the commencement of a forced sale process of the property to collect the delinquent taxes. Mr. Callahan is expected to testify that because the tax payer is permitted a 30-day period within which to satisfy the delinquency before the public sale process is commenced, no one, including the attorney, and including the defendant as City Treasurer, could know in advance what properties would in fact ultimately be subject to tax sales in order to give any potential third party purchaser thereof the opportunity to purchase the properties prior to the property's forced sale becoming public.  Mr. Callahan is further expected to testify that

3

immediately after the 30-day cure period expires without the delinquency being satisfied, a notice of the public sale process is immediately issued and that, therefore, the defendant, as the City Treasurer himself, would only learn at the same time as any other member of the public for the first time what properties would be subject to tax sales. Mr. Callahan is further expected to testify that even after the notice of the sale process is publicly given, many months pass before an actual sales date can be set, and even then the tax payer is permitted to redeem the property by paying the delinquent tax and thus save the property until the day before the sale is actually effected. Mr. Callahan is expected to testify that in his opinion, therefore, the defendant would not be in a position to give someone advance, private, or secret information about properties that would be subject to tax sales in order to give such person an opportunity to purchase the properties prior to auction.

The bases and reasons for his testimony are his significant experience and training as an outside collection attorney for delinquent real estate taxes for the Office of the City Treasurer of the City of Norfolk since 1988. His qualifications are his foregoing training and experience as a collection attorney for the Treasurer as well as his overall training and experience as a Virginia lawyer since 1980.

4. <u>AMY ORTEGA</u>. Ms. Ortega has been a Chief Deputy Treasurer of the Office of the City Treasurer of the City of Norfolk since 2002, with an aggregate total experience of 29 years with the Treasurer's Office. She is familiar with the Treasurer's Office's process of collection of delinquent real estate taxes, as described above under the summary of Mr. Callahan's expected testimony. Ms. Ortega is expected to give similar testimony as that of Mr. Callahan, which testimony is hereby incorporated by reference from paragraph 3. above.

The bases and reasons for her testimony are her significant experience and training as a member of the City Treasurer's Office for 29 years, including as a Chief Deputy since approximately 2002.

Her qualifications similarly are her significant experience and training as a member of the City Treasure's Office for 29 years, including as a Chief Deputy since approximately 2002.

5. <u>WENDY PETCHEL</u>. Ms. Petchel has been a Chief Deputy Treasurer of the Office of the City Treasurer of the City of Norfolk for approximately 2 years, is the number two ranking person in the Office, and has an aggregate total experience of 27 years with the Treasurer's Office. She is presently the Chief Deputy Treasurer overseeing real estate and customer service. She is familiar with the Treasurer's Office's process of collection of delinquent real estate taxes, as described above under the summary of Mr. Callahan's and Ms. Ortega's expected testimony. Ms. Petchel is expected to give similar testimony as that of Mr. Callahan and Ms. Ortega, which testimony is hereby incorporated by reference from paragraphs 3. and 4. above.

The bases and reasons for her testimony are her significant experience and training as a member of the City Treasurer's Office for 27 years, including as a Chief Deputy for the last 2 years and the number two ranking person in the office.

Her qualifications similarly are her significant experience and training as a member of the City Treasure's Office for 27 years, including as a Chief Deputy for the past 2 years.

6. <u>BARRY STRATHMANN</u>. Mr. Strathmann is the owner and operator of Barry's Performance Imports, which, since 1977, has provided repairing, servicing, and (until recently) sales of imported automobiles. Mr. Strathmann is expected to testify that he

5

provided service to and otherwise recalls a 2000 Mercedes S500, which the defendant expects trial testimony to indicate was originally owned by Mr. Dwight Etheridge and sold to the defendant by Mr. Etheridge.  Mr. Strathmann is expected to testify that on or about October 14, 2008, the defendant brought the vehicle to Mr. Strathmann and he and his automotive business provided basic oil flex service to the vehicle, recommended tires, and observed so-called "trouble codes" in connection with the engine. Mr. Strathmann is expected to testify that the vehicle was 8 years old, had approximately 108,000 miles on the odometer and was "in really poor and rough condition" with "a very nasty interior."  He is expected to testify that it was not a "clean automobile" and that the presence of trouble codes still in the system meant that it was likely that necessary maintenance had not been taken care of.  He is expected to testify that he told the defendant words to the effect that the vehicle "needs a ton of work, that it is a total nightmare, and that you don't want this car." The bases and reasons for his testimony are his significant training, education and experience as an automobile and imported automobile repairman, salesman and builder since 1969, as well as his training and experience in his shop since 1977.  His qualifications are his foregoing training, education and experience, as well as his education in automobile repair as a young person at Vo-Tech and Tidewater Community College; his experience working in imported car dealerships since 1971; his position as a Virginia State Inspector of vehicles since 1971-72; and his title as a Master Certified Technician given to him by the Automotive Service Excellence ("A.S.E.") national organization.  In addition, up until this year, Mr. Strathmann possessed a Rebuilder's License. He has had experience with the Mercedes make since his inception working with cars in 1969.

SUPPLEMMENTATION

The defendant respectfully reserves the right to supplement the foregoing disclosure, notice, and information as necessary prior to or during trial.

ANTHONY L. BURFOOT
By: /s/
Of counsel

Andrew M. Sacks, Esquire, VSB#: 20082
Stanley E. Sacks, Esquire, VSB# 04305
Attorneys for defendant Anthony L. Burfoot
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2016, I will electronically file the 4oregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

Melissa E. O'Boyle, Esquire
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Phone: (757) 441-6331
Fax: (757) 441-6689
Email: Melissa.OBoyle@usdoj.gov

/s/
Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Stanley E. Sacks, Esquire, VSB# 04305
Attorneys for defendant Anthony L. Burfoot
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

F:\IC\BURFOOT Anthony\DisclosureExpertTestimony10 24 16.docx