IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 2:16cr6

ANTHONY L. BURFOOT

### DEFENDANT ANTHONY L. BURFOOT'S PROPOSED JURY INSTRUCTIONS
### (WITH CITATION AT FOOT)

COMES NOW the defendant, Anthony L. Burfoot, by the undersigned counsel, and respectfully requests the attached proposed instructions be included by the Court in its charge to the jury.

Defendant further respectfully reserves the right to present additional or supplemental instructions, to modify the attached proposed instructions, or to withdraw proposed instructions, depending upon the course of continued pretrial preparations, the trial and the evidence and arguments presented at trial, and the instructions proposed by the Government.

ANTHONY L. BURFOOT
By:_____/s/_____
Of counsel

Andrew M. Sacks, Esquire, VSB#: 20082
Stanley E. Sacks, Esquire, VSB# 04305
Attorneys for defendant Anthony L. Burfoot
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

Melissa E.O'Boyle, Esquire
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Phone: (757) 441-6331
Fax: (757) 441-6689
Email: Melissa.OBoyle@usdoj.gov

_____/s/_____
Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Stanley E. Sacks, Esquire, VSB# 04305
Attorneys for defendant Anthony L. Burfoot
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

F:\C\BURFOOT Anthony\JURY INSTRUCTIONS\JuryInstructionsPleading10 31 16 docx

# INDEX

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

| TITLE | PROPOSED INSTRUCTION NO. |
|---|---|
| PRETRIAL PUBLICITY | D-1 |
| OBJECTIONS AND RULINGS | D-2 |
| COURT'S COMMENTS TO COUNSEL | D-3 |
| COURT'S QUESTiONS TO WITNESSES | D-4 |
| PUBLICITY DURING TRIAL | D-5 |
| EVIDENCE ADMITTED FOR A LIMITED PURPOSE ONLY | D-6 |
| CROSS-EXAMINATION OF DEFENDANT'S CHARACTER WITNESSES | D-7 |
| JUDGING THE EVIDENCE | D-8 |
| EVIDENCE RECEIVED IN THE CASE - STIPLATIONS AND INFERENCES RERMITTED | D-9 |
| INFERENCES FROM THE EVIDENCE | D-10 |
| JURY'S RECOLLECTION CONTROLS | D-11 |
| THE QUESTION IS NOT EVIDENCE | D-12 |
| CONSIDER ONLY THE OFFENSE CHARGED | D-13 |
| PRESUMPTION OF INNOCENCE, BURDEN OF PROOF AND REASONABLE DOUBT | D-14 |
| VERDICT AS TO DEFENDANT ONLY | D-15 |
| CONSIDER EACH COUNT SEPARATELY | D-16 |
| OPINION EVIDENCE - THE EXPERT WITNESS | D-17 |
| CHARTS AND SUMMARIES – NOT ADMITTED; ADMITTED CHARTS AND SUMMARIES NOT ADMIITED INTO EVIDENCE | D-18 |

NUMBER OF WITNESSES CALLED IS NOT CONTROLLING     D-19

CREDIBILITY OF WITNESSES – GENERALLY     D-20

CREDIBILITY OF WITNESSES – INFORMANT     D-21

CREDIBILITY OF WITNESSES – IMMUNIZED WITNESS     D-22

CREDIBILITY OF WITNESSES – ACCOMPLICE     D-23

CREDIBILITY OF WITNESSES - INCONSISTENT STATEMENT     D-24

CREDIBILITY OF WITNESS – CONVICTION OF FELONY     D-25

CREDIBILITY OF WITNESS – PERJURER     D-26

CREDIBILITY OF WITNESS – DEFENDANT AS A WITNESS     D-27

CHARACTER EVIDENCE – REPUTATION OF THE DEFENDANT     D-28

THE GOOD FAITH DEFENSE - EXPLAINED     D-29

KNOWINLGY     D-30

INTENTIONALLY     D-31

IMPEACHMENT - BIAS OR PREJUDICE     D-32

INTEREST IN OUTCOME     D-33

UNINDICTED CO-CONSPIRATOR AS GOVERNMENT WITNESS     D-34

CODEFENDANT'S PLEA AGREEMENT     D-35

LAW ENFORCEMENT WITNESS     D-36

"INTENT TO DEFRAUD" – DEFINED     D-37

PROPOSED JURY INSTRUCTION NO. _D-1__

<u>PRETRIAL PUBLICITY</u>

THERE HAS BEEN SUBSTANTIAL PUBLICITY ABOUT THIS CASE PRIOR TO THE

BEGINNING OF THIS TRIAL.  THE STATEMENTS CONTAINED IN SOME OF THE ACCOUNTS

MAY, OF COURSE, NOT BE ACCURATE AND MAY HAVE COME FROM INDIVIDUALS WHO WILL

NOT BE PRESENT IN COURT AND WHO, THEREFORE, CANNOT BE SEEN AND EVALUATED BY

THE JURY LIKE ALL OF THE OTHER WITNESSES AND WILL NOT BE CROSS-EXAMINED BY

EITHER OF THE PARTIES UNDER OATH.

YOU, OF COURSE, MUST LAY ASIDE AND COMPLETELY DISREGARD ANYTHING YOU

MAY HAVE READ OR HEARD ABOUT THE CASE OUTSIDE THIS COURTROOM BECAUSE YOUR

VERDICT MUST BE BASED SOLELY AND EXCLUSIVELY ON THE EVIDENCE PRESENTED HERE

IN COURT IN ACCORDANCE WITH MY INSTRUCTIONS TO YOU AT THE CLOSE OF THE CASE

ABOUT THE LAW YOU MUST APPLY TO THE EVIDENCE.


AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §10:02
(2008)

PROPOSED JURY INSTRUCTION NO.   D-2___

<u>OBJECTIONS AND RULINGS</u>

TESTIMONY AND/OR EXHIBITS CAN BE ADMITTED INTO EVIDENCE DURING A TRIAL

ONLY IF IT MEETS CERTAIN CRITERIA OR STANDARDS. IT IS THE SWORN DUTY OF THE

ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS

TESTIMONY OR AN EXHIBIT WHICH THAT ATTORNEY BELIEVES IS NOT PROPERLY

ADMISSIBLE UNDER THE RULES OF LAW.  ONLY BY RAISING ON OBJECTION CAN A LAWYER

REQUEST AND THEN OBTAIN A RULING FROM THE COURT ON THE ADMISSIBILITY OF THE

EVIDENCE BEING OFFERED BY THE OTHER SIDE.  YOU SHOULD NOT BE INFLUENCED

AGAINST AN ATTORNEY OR HIS CLIENT BECAUSE THE ATTORNEY HAS MADE AN OBJECTION.

DO NOT ATTEMPT, MOREOVER, TO INTERPRET MY RULINGS ON OBJECTIONS AS

SOMEHOW INDICATING HOW I THINK YOU SHOULD DECIDE THIS CASE.  I AM SIMPLY

MAKING A RULING ON A LEGAL QUESTION REGARDING THAT PARTICULAR PIECE OF

TESTIMONY OR EXHIBIT.

AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §11:03
(2008)

PROPOSED JURY INSTRUCTION NO.   D-3

**COURT'S COMMENTS TO COUNSEL**

IT IS THE DUTY OF THE COURT TO ADMONISH AN ATTORNEY WHO, OUT OF ZEAL FOR

HIS OR HER CASE, DOES SOMETHING WHICH I FEEL IS NOT IN KEEPING WITH THE RULES

OF EVIDENCE OR PROCEDURE.

YOU ARE TO DRAW ABSOLUTELY NO INFERENCE AGAINST THE SIDE TO WHOM AN

ADMONITION OF THE COURT MAY HAVE BEEN ADDRESSED DURING THE TRIAL IN THIS

CASE.


AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §11:04
(2008)

PROPOSED JURY INSTRUCTION NO.___D-4___

COURT'S QUESTIONS TO WITNESSES

DURING THE COURSE OF A TRIAL, I MAY OCCASIONALLY ASK QUESTIONS OF A WITNESS. DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTIONS MAY RELATE. THE COURT MAY ASK A QUESTION SIMPLY TO CLARIFY A MATTER – NOT TO HELP ONE SIDE OF THE CASE OR HURT THE OTHER SIDE.

REMEMBER AT ALL TIMES THAT YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

AUTHORITY: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, (6th Ed.) §11:05 (2008)

PROPOSED JURY INSTRUCTION NO.\_\_\_D-5\_\_\_

## PUBLICITY DURING TRIAL

I AM ADVISED THAT REPORTS ABOUT THIS TRIAL ARE APPEARING IN THE
NEWSPAPERS, ON THE RADIO, ON TELEVISION AND ON THE INTERNET. THE PERSON WHO
WROTE OR IS REPORTING THE STORY MAY NOT HAVE LISTENED TO ALL OF THE TESTIMONY
AS YOU HAVE, MAY BE GETTING INFORMATION FROM PEOPLE WHOM YOU MAY NOT SEE
HERE IN COURT UNDER OATH AND SUBJECT TO CROSS-EXAMINATION, MAY EMPHASIZE AN
UNIMPORTANT POINT, OR MAY SIMPLY BE WRONG.

PLEASE DO NOT READ ANYTHING OR LISTEN TO ANYTHING OR WATCH ANYTHING
WITH REGARD TO THIS TRIAL. THE CASE MUSTY BE DECIDED BY YOU SOLELY AND
EXCLUSIVELY ON THE EVIDENCE WHICH IS RECEIVED HERE IN COURT.

AUTHORITY: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, (6th Ed.) §11:08
(2008)

PROPOSED JURY INSTRUCTION NO.___D-6___

## EVIDENCE ADMITTED FOR A LIMITED PURPOSE ONLY

IN CERTAIN INSTANCES EVIDENCE MAY BE ADMITTED ONLY FOR A PARTICULAR

PURPOSE AND NOT GENERALLY FOR ALL PURPOSES.

FOR THE LIMITED PURPOSE FOR WHICH THIS EVIDENCE HAS BEEN RECEIVED, YOU

MAY GIVE IT SUCH WEIGHT AS YOU FEEL IT DESERVES. YOU MAY NOT, HOWEVER, USE THIS

EVIDENCE FOR ANY OTHER PURPOSE NOT SPECIFICALLY MENTIONED.


AUTHORITY: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, (6th Ed.) §11:09
(2008)

PROPOSED JURY INSTRUCTION NO.___D-7___

CROSS-EXAMINATION OF DEFENDANT'S CHARACTER WITNESSES

ON DIRECT EXAMINATION, CERTAIN WITNESSES FOR THE DEFENDANT ANTHONY BURFOOT TESTIFIED THAT HE OR SHE WAS FAMILIAR WITH THE REPUTATION OF THE DEFENDANT ANTHONY BURFOOT IN THE COMMUNITY.

THE ATTORNEYS FOR THE GOVERNMENT ASKED CERTAIN QUESTIONS ON CROSS EXAMINATION OF THESE WITNESSES AS TO CERTAIN ALLEGED EVENTS IN THE DEFENDANT'S PAST.

I CAUTION YOU THAT THESE QUESTIONS WERE PERMITTED SOLELY FOR THE LIMITED PURPOSE OF TESTING THE TESTIMONY OF A WITNESS THAT HE OR SHE WAS FAMILIAR WITH THE REPUTATION OF THE DEFENDANT ANTHONY BURFOOT IN THE COMMUNITY. THE ANSWERS TO THESE QUESTIONS ARE TO BE CONSIDERED BY YOU ONLY FOR THE PURPOSE OF TESTING THE CREDIBILITY OF THESE WITNESSES.

THE QUESTIONS AND ANSWERS IN THIS AREA ARE NOT TO BE CONSIDERED AS ANY EVIDENCE THAT THE DEFENDANT COMMITTED THE CRIMES CHARGED IN THIS INDICTMENT.


AUTHORITY: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, (6th Ed.) §11:15 (2008)

PROPOSED JURY INSTRUCTION NO.___D-8___

<u>JUDGING THE EVIDENCE</u>

THERE IS NOTHING PARTICULARLY DIFFERENT IN THE WAY THAT A JUROR SHOULD CONSIDER THE EVIDENCE IN A TRIAL FROM THAT IN WHICH ANY REASONABLE AND CAREFUL PERSON WOULD DEAL WITH A VERY IMPORTANT QUESTION THAT MUST BE RESOLVED BY EXAMINING FACTS, OPINIONS AND EVIDENCE. YOU ARE EXPECTED TO USE YOUR GOOD SENSE IN CONSIDERING AND EVALUATING THE EVIDENCE IN THIS CASE. USE THE EVIDENCE ONLY FOR THOSE PURPOSES FOR WHICH IT HAS BEEN RECEIVED AND GIVE THE EVIDENCE A REASONABLE AND FAIR CONSTRUCTION IN THE LIGHT OF YOUR COMMON KNOWLEDGE OF THE NATURAL TENDENCIES AND INCLINATIONS OF HUMAN BEINGS.

IF THE DEFENDANT BE PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO. IF NOT PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO.

KEEP CONSTANTLY IN MIND THAT IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE A VERDICT UPON ANYTHING OTHER THAN THE EVIDENCE RECEIVED IN THE CASE AND THE INSTRUCTIONS OF THE COURT. REMEMBER AS WELL THAT THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE BECAUSE THE BURDEN OF PROVING GUILT BEYOND A REASONABLE DOUBT IS ALWAYS WITH THE GOVERNMENT.

AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §12:02 (2008)

PROPOSED JURY INSTRUCTION NO. D-9____

**EVIDENCE RECEIVED IN THE CASE – STIPULATIONS AND INFERENCES RERMITTED**

THE EVIDENCE IN THIS CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES – REGARDLESS OF WHO MAY HAVE CALLED THEM – ALL EXHIBITS RECEIVED IN EVIDENCE – REGARDLESS OF WHO MAY HAVE PRODUCED THEM – AND ALL FACTS WHICH MAY HAVE BEEN AGREED TO OR STIPULATED.

WHEN THE ATTORNEYS ON BOTH SIDES STIPULATE OR AGREE AS TO THE EXISTENCE OF A FACT, YOU MAY ACCEPT THE STIPULATION AS EVIDENCE AND REGARD THAT FACT AS PROVED. YOU ARE NOT REQUIRED TO DO SO, HOWEVER, SINCE YOU ARE THE SOLE JUDGES OF THE FACTS.

ANY PROPOSED TESTIMONY OR PROPOSED EXHIBIT TO WHICH AN OBJECTION WAS SUSTAINED BY THE COURT AND ANY TESTIMONY OR EXHIBIT ORDERED STRICKEN BY THE COURT MUST BE ENTIRELY DISREGARDED BY YOU.

ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED.

YOU ARE TO BASE YOUR VERDICT ONLY ON THE EVIDENCE RECEIVED IN THE CASE. IN YOUR CONSIDERATION OF THE EVIDENCE RECEIVED, HOWEVER, YOU ARE NOT LIMITED TO THE BALD STATEMENTS OF WITNESSES OR TO THE BALD ASSERTIONS IN THE EXHIBITS. IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR THE WITNESSES TESTIFY OR AS THE EXHIBIT ADMITTED. YOU ARE PERMITTED TO DRAW FROM THE FACTS WHICH YOU FIND TO HAVE BEEN PROVED SUCH REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR EXPERIENCE AND COMMON SENSE.


AUTHORITY: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, (6th Ed.) §12:03 (2008)

PROPOSED JURY INSTRUCTION NO. D-10

**INFERENCES FROM THE EVIDENCE**

INFERENCES ARE SIMPLY DEDUCTIONS OR CONCLUSIONS WHICH REASON AND

COMMON SENSE LEAD THE JURY TO DRAW FROM THE EVIDENCE RECEIVED IN THE CASE.


AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §12:05
(2008)

PROPOSED JURY INSTRUCTION NO.___D-11___

**JURY'S RECOLLECTION CONTROLS**

IF ANY REFERENCE BY THE COURT OR BY COUNSEL TO MATTERS OF TESTIMONY OR

EXHIBITS DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION OF THAT EVIDENCE, IT IS

YOUR RECOLLECTION WHICH SHOULD CONTROL DURING YOUR DELIBERATIONS AND NOT

THE STATEMENTS OF THE COURT OR OF YOUR COUNSEL.

YOU ARE THE SOLE JUDGES OF THE EVIDENCE RECEIVED IN THIS CASE.


AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §12:07 (2008)

PROPOSED JURY INSTRUCTION NO.___D-12___

**THE QUESTION IS NOT EVIDENCE**

THE QUESTIONS ASKED BY A LAWYER FOR EITHER PARTY TO THIS CASE ARE NOT

EVIDENCE. IF A LAWYER ASKS A QUESTION OF A WITNESS WHICH CONTAINS AS ASSERTION

OF FACT, THEREFORE, YOU MAY NOT CONSIDER THE ASSERTION BY THE LAWYER AS ANY

EVIDENCE OF THAT FACT. ONLY THE ANSWERS ARE EVIDENCE.


AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §12:08
(2008)

PROPOSED JURY INSTRUCTION NO. _D-13_____

**CONSIDER ONLY THE OFFENSE CHARGED**

THE DEFENDANT IS NOT ON TRIAL FOR ANY ACT OR ANY CONDUCT NOT

SPECIFICALLY CHARGED IN THE INDICTMENT.


AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §12:09 (2008)

PROPOSED JURY INSTRUCTION NO.___D-14___

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT**

I INSTRUCT YOU THAT YOU MUST PRESUME THE DEFENDANT ANTHONY BURFOOT TO BE INNOCENT OF THE CRIMES CHARGED. THUS THE DEFENDANT, ALTHOUGH ACCUSED OF CRIMES IN THE INDICTMENT, BEGINS THE TRIAL WITH A "CLEAN SLATE" – WITH NO EVIDENCE AGAINST HIM. THE INDICTMENT, AS YOU ALREADY KNOW, IS NOT EVIDENCE OF ANY KIND.  THE DEFENDANT IS, OF COURSE, NOT ON TRIAL FOR ANY ACT OR CRIME NOT CONTAINED IN THE INDICTMENT. THE LAW PERMITS NOTHING BUT LEGAL EVIDENCE PRESENTED BEFORE THE JURY IN COURT TO BE CONSIDERED IN SUPPORT OF ANY CHARGE AGAINST A DEFENDANT. THE PRESUMPTION OF INNOCENCE ALONE, THEREFORE, IS SUFFICIENT TO ACQUIT THE DEFENDANT ANTHONY BURFOOT.

THE BURDEN IS ALWAYS UPON THE PROSECUTION TO PROVE GUILT BEYOND A REASONABLE DOUBT. THIS BURDEN NEVER SHIFTS TO A DEFENDANT FOR THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING EVIDENCE. THE DEFENDANT IS NOT EVEN OBLIGATED TO PRODUCE ANY EVIDENCE BY CROSS-EXAMINING THE WITNESSES FOR THE GOVERNMENT.

IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT. THE TEST IS ONE OF REASONABLE DOUBT. A REASONABLE DOUBT IS A DOUBT BASED UPON REASON AND COMMON SENSE – THE KIND OF DOUBT THAT WOULD MAKE A REASONABLE PERSON HESITATE TO ACT. PROOF BEYOND A REASONABLE DOUBT MUST, THEREFORE, BE PROOF OF SUCH A CONVINCING CHARACTER THAT A REASONABLE PERSON WOULD NOT HESITATE TO RELY AND ACT UPON IT IN THE MOST IMPORTANT OF HIS OR HER OWN AFFAIRS.

UNLESS THE GOVERNMENT PROVES, BEYOND A REASONABLE DOUBT, THAT

DEFENDANT ANTHONY BURFOOT HAS  COMMITTED EACH AND EVERY ELEMENT OF THE

OFFENSES CHARGED IN THE INDICTMENT, YOU MUST FIND DEFENDANT ANTHONY

BURFOOT NOT GUILTY OF THE OFFENSES.  IF THE JURY VIEWS THE EVIDENCE IN THE CASE

AS REASONABLY PERMITTING EITHER OF TWO CONCLUSIONS – ONE OF INNOCENCE, THE

OTHER OF GUILT – THE JURY MUST, OF COURSE, ADOPT THE CONCLUSION OF INNOCENCE.


AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §12:10
(2008)

PROPOSED JURY INSTRUCTION NO. D-15

<u>VERDICT AS TO DEFENDANT ONLY</u>

YOU ARE HERE TO DETERMINE WHETHER THE GOVERNMENT HAS PROVEN THE GUILT OF THE DEFENDANT FOR THE CHARGES IN THE INDICTMENT BEYOND A REASONABLE DOUBT. YOU ARE NOT CALLED UPON TO RETURN A VERDICT AS TO THE GUILT OR INNOCENCE OF ANY OTHER PERSON OR PERSONS.

SO, IF THE EVIDENCE IN THE CASE CONVINCES YOU BEYOND A REASONABLE DOUBT OF THE GUILT OF THE DEFENDANT FOR THE CRIMES CHARGED IN THE INDICTMENT, YOU SHOULD SO FIND, EVEN THOUGH YOU MAY BELIEVE THAT ONE OR MORE UNINDICTED PERSONS ARE ALSO GUILTY. BUT IF ANY REASONABLE DOUBT REMAINS IN YOUR MINDS AFTER IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE, IT IS YOUR DUTY TO FIND DEFENDANT ANTHONY BURFOOT NOT GUILTY.

AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §12:11 (2008)

PROPOSED JURY INSTRUCTION NO.   D-16

**CONSIDER EACH COUNT SEPARATELY**

A SEPARATE CRIME IS CHARGED IN EACH COUNT OF THE INDICTMENT. EACH

CHARGE, AND THE EVIDENCE PERTAINING TO IT, SHOULD BE CONSIDERED SEPARATELY BY

THE JURY. THE FACT THAT YOU MAY FIND THE DEFENDANT GUILTY OR NOT GUILTY AS TO

ONE OF THE COUNTS SHOULD NOT CONTROL YOUR VERDICT AS TO ANY OTHER COUNT.


AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §12:12
(2008)

PROPOSED JURY INSTRUCTION NO.___D-17___

<u>OPINION EVICENCE – THE EXPERT WITNESS</u>

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT WITNESSES TO TESTIFY AS TO THEIR OWN OPINIONS OR THEIR OWN CONCLUSIONS ABOUT IMPORTANT QUESTIONS IN A TRIAL. AN EXCEPTION TO THIS RULE EXISTS AS TO THOSE PERSONS WHO ARE DESCRIBED AS "EXPERT WITNESSES". AN "EXPERT WITNESS" IS SOMEONE WHO, BY EDUCATION, OR EXPERIENCE, MAY HAVE BECOME KNOWLEDGEABLE IN SOME TECHNICAL, SCIENTIFIC, OR VERY SPECIALIZED AREA. IF SUCH KNOWLEDGE OR EXPERIENCE MAY BE OF ASSISTANCE TO YOU, AN "EXPERT WITNESS" IN THAT AREA MAY STATE AN OPINION AS TO A MATTER IN WHICH HE OR SHE CLAIMS TO BE AN EXPERT.

YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE AND GIVE IT SUCH WEIGHT, IF ANY, AS YOU MAY THINK IT DESERVES. YOU SHOULD CONSIDER THE TESTIMONY OF EXPERT WITNESSES JUST AS YOU CONSIDER OTHER EVIDENCE IN THE CASE. IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR IF YOU SHOULD CONCLUDE THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, YOU MAY DISREGARD THE OPINION IN PART OR IN ITS ENTIRETY.

AS I HAVE TOLD YOU SEVERAL TIMES, YOU – THE JURY – ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §14:01 (2008)

PROPOSED JURY INSTRUCTION NO.__D-18___

**CHARTS AND SUMMARIES – NOT ADMITTED; ADMITTED CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE**

CHARTS OR SUMMARIES HAVE BEEN PREPARED BY THE GOVERNMENT AND SHOWN

TO YOU DURING THE TRIAL FOR THE PURPOSE OF EXPLAINING FACTS THAT ARE ALLEGEDLY

CONTAINED IN BOOKS, RECORDS, AND OTHER DOCUMENTS WHICH ARE IN EVIDENCE IN

THE CASE. SUCH CHARTS OR SUMMARIES ARE NOT EVIDENCE IN THIS TRIAL OR PROOF OF

ANY FACT. IF YOU FIND THAT THESE CHARTS OR SUMMARIES DO NOT CORRECTLY REFLECT

FACTS OR FIGURES SHOWN BY THE EVIDENCE IN THE CASE, YOU SHOULD DISREGARD THE

CHARTS OR SUMMARIES.

AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §14:02 (2008)

PROPOSED JURY INSTRUCTION NO.___D-19___

## NUMBER OF WITNESSES CALLED IS NOT CONTROLLING

YOUR DECISION ON THE FACTS OF THIS CASE SHOULD NOT BE DETERMINED BY THE

NUMBER OF WITNESSES TESTIFYING FOR OR AGAINST A PARTY. YOU SHOULD CONSIDER

ALL THE FACTS AND CIRCUMSTANCES IN EVIDENCE TO DETERMINE WHICH OF THE

WITNESSES YOU CHOOSE TO BELIEVE OR NOT BELIEVE. YOU MAY FIND THAT THE

TESTIMONY OF A SMALLER NUMBER OF WITNESSES ON ONE SIDE IS MORE CREDIBLE

THAN THE TESTIMONY OF A GREATER NUMBER OF WITNESSES ON THE OTHER SIDE.

AUTHORITY: O'Malley, Grenig & Lee, _Federal Jury Practice and Instructions_, (6th Ed.) §14:16 (2008)

PROPOSED JURY INSTRUCTION NO. __D-21__

<u>CREDIBILITY OF WITNESSES - GENERALLY</u>

YOU, AS JURORS, ARE THE SOLE AND EXCLUSIVE JUDGES OF THE CREDIBILITY AS TO EACH OF THE WITNESSES CALLED TO TESTIFY IN THIS CASE AND ONLY YOU DETERMINE THE IMPORTANCE OF THE WEIGHT, IF ANY, THAT THEIR TESTIMONY DESERVES. AFTER MAKING YOUR ASSESSMENT CONCERNING THE CREDIBILITY OF A WITNESS, YOU MAY DECIDE TO BELIEVE ALL THAT WITNESS' TESTIMONY ONLY OR A PORTION OF IT, OR NONE OF IT.

IN MAKING YOUR ASSESSMENT OF THAT WITNESS YOU SHOULD CAREFULLY SCRUTINIZE ALL OF THE TESTIMONY GIVEN BY THAT WITNESS, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND ALL OF THE OTHER EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS, IN YOUR OPINION, IS WORTHY OF BELIEF. CONSIDER EACH WITNESS' INTELLIGENCE, MOTIVE TO FALSIFY, STATE OF MIND, AND APPEARANCE AND MANNER WHILE ON THE WITNESS STAND. CONSIDER THE WITNESS' ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED AND CONSIDER WHETHER HE OR SHE IMPRESSES YOU AS HAVING AN ACCURATE MEMORY OR RECOLLECTION OF THESE MATTERS. CONSIDER ALSO ANY RELATIONSHIP A WITNESS MAY BEAR TO EITHER SIDE OF THE CASE, THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY YOUR VERDICT, AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES MAY OR MAY NOT CAUSE YOU TO DISBELIEVE OR DISCREDIT SUCH TESTIMONY. TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SIMPLY SEE OR HEAR IT DIFFERENTLY. INNOCENT

MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON HUMAN EXPERIENCE. IN WEIGHING THE EFFECT OF A DISCREPANCY, HOWEVER, ALWAYS, CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN INSIGNIFICANT DETAIL AND CONSIDER WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR FROM INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT OR ASSESSMENT CONCERNING THE BELIEVABILITY OF A WITNESS, YOU CAN THEN ATTACH SUCH IMPORTANCE OR WEIGHT TO THAT TESTIMONY, IF ANY, THAT YOU FEEL IT DESERVES. YOU WILL THEN BE IN A POSITION TO DECIDE WHETHER THE GOVERNMENT HAS PROVEN THE CHARGES BEYOND A REASONABLE DOUBT.

AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §15:01 (2008)

PROPOSED JURY INSTRUCTION NO.___D-21___

**CREDIBILITY OF WITNESSES -INFORMANT**

THE TESTIMONY OF AN INFORMANT, SOMEONE WHO PROVIDES EVIDENCE AGAINST

SOMEONE ELSE FOR MONEY OR TO ESCAPE PUNISHMENT FOR HIS OR HER OWN

MISDEEDS OR CRIMES OR FOR OTHER PERSONAL REASON OR ADVANTAGE, MUST BE

EXAMINED AND WEIGHED BY THE JURY WITH GREATER CARE THAN THE TESTIMONY OF A

WITNESS WHO IS NOT SO MOTIVATED.

THE JURY MUST DETERMINE WHETHER THE INFORMANT'S TESTIMONY HAS BEEN

AFFECTED BY SELF-INTEREST, OR BY THE AGREEMENT HE OR SHE HAS WITH THE

GOVERNMENT, OR HIS OR HER OWN INTEREST IN THE OUTCOME OF THIS CASE, OR BY

PREJUDICE AGAINST THE DEFENDANT.


AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> (6th Ed.) §15:02
(2008)

PROPOSED JURY INSTRUCTION NO. D-22

<u>CREDIBILITY OF WITNESSES -IMMUNIZED WITNESS</u>

THE TESTIMONY OF AN IMMUNIZED WITNESS, SOMEONE WHO HAS BEEN TOLD EITHER THAT HIS OR HER CRIMES WILL GO UNPUNISHED IN RETURN FOR TESTIMONY OR THAT HIS OR HER TESTIMONY WILL NOT BE USED AGAINST HIM OR HER IN RETURN FOR THAT COOPERATION WITH THE GOVERNMENT, MUST BE EXAMINED AND WEIGHED BY THE JURY WITH GREATER CARE THAN THE TESTIMONY OF SOMEONE WHO IS APPEARING IN COURT WITHOUT THE NEED FOR SUCH AN AGREEMENT WITH THE GOVERNMENT.

THE JURY MUST DETERMINE WHETHER THE TESTIMONY OF AN IMMUNIZED WITNESS HAS BEEN AFFECTED BY SELF-INTEREST, OR BY THE AGREEMENT HE OR SHE HAS WITH THE GOVERNMENT, OR BY HIS OWN OR HER OWN INTEREST IN THE OUTCOME OF THE CASE, OR BY PREJUDICE AGAINST THE DEFENDANT.

AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §15:03 (2008)

PROPOSED JURY INSTRUCTION NO. _D-24_____

<u>CREDIBILITY OF WITNESSES -ACCOMPLICE</u>

THE TESTIMONY OF AN ALLEGED ACCOMPLICE, SOMEONE WHO SAID HE OR SHE PARTICIPATED IN THE COMMISSION OF A CRIME, MUST BE EXAMINED AND WEIGHED BY THE JURY WITH GREATER CARE THAN THE TESTIMONY OF A WITNESS WHO DID NOT PARTICIPATE IN THE COMMISSION OF THAT CRIME.

THE FACT THAT AN ALLEGED ACCOMPLICE HAS ENTERED A PLEA OF GUILTY TO THE OFFENSE CHARGED IS NOT EVIDENCE OF THE GUILT OF ANY OTHER PERSON, INCLUDING THE DEFENDANT.

THE JURY MUST DETERMINE WHETHER THE TESTIMONY OF THE ACCOMPLICE HAS BEEN AFFECTED BY SELF-INTEREST, OR BY ANY AGREEMENT HE OR SHE MAY HAVE WITH THE GOVERNMENT, OR BY HIS OWN OR HER OWN INTEREST IN THE OUTCOME OF THIS CASE, OR BY PREJUDICE AGAINST THE DEFENDANT.


AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §15:04 (2008)

PROPOSED JURY INSTRUCTION NO.___D-24___

<u>CREDIBILITY OF WITNESSES -INCONSISTENT STATEMENT</u> *(falsus in uno faslus in omnibus)*

      THE TESTIMONY OF A WITNESS MAY BE DISCREDITED OR, AS WE SOMETIMES SAY, IMPEACHED BY SHOWING THAT HE OR SHE PREVIOUSLY MADE STATEMENTS WHICH ARE DIFFERENT THAN OR INCONSISTENT WITH HIS OR HER TESTIMONY HERE IN COURT.  THE EARLIER INCONSISTENT OR CONTRADICTORY STATEMENTS ARE ADMISSIBLE ONLY TO DISCREDIT OR IMPEACH THE CREDIBILITY OF THE WITNESS AND NOT TO ESTABLISH THE TRUTH OF THESE EARLIER STATEMENTS MADE SOMEWHERE OTHER THAN HERE DURING THIS TRIAL.  IT IS THE PROVINCE OF THE JURY TO DETERMINE THE CREDIBILITY OF A WITNESS WHO HAS MADE PRIOR INCONSISTENT OR CONTRADICTORY STATEMENTS.

      IF A PERSON IS SHOWN TO HAVE KNOWINGLY TESTIFIED FALSELY CONCERNING ANY IMPORTANT OR MATERIAL MATTER, YOU OBVIOUSLY HAVE A RIGHT TO DISTRUST THE TESTIMONY OF SUCH AN INDIVIDUAL CONCERNING OTHER MATTERS.  YOU MAY REJECT ALL OF THE TESTIMONY OF THAT WITNESS OR GIVE IT SUCH WEIGHT OR CREDIBILITY AS YOU MAY THINK IT DESERVES.


AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §15:06 (2008)

PROPOSED JURY INSTRUCTION NO.___D-25___

<u>CREDIBILITY OF WITNESSES -CONVICTION OF FELONY</u>

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED OR IMPEACHED BY EVIDENCE SHOWING THAT THE WITNESS HAS BEEN CONVICTED OF A FELONY, A CRIME FOR WHICH A PERSON MAY RECEIVE A PRISON SENTENCE OR MORE THAN ONE YEAR.

PRIOR CONVICTION OF A CRIME THAT IS A FELONY IS ONE OF THE CIRCUMSTANCES WHICH YOU MAY CONSIDER IN DETERMINING THE CREDIBILITY OF THAT WITNESS.

IT IS THE SOLE AND EXCLUSIVE RIGHT OF THE JURY TO DETERMINE THE WEIGHT TO BE GIVEN TO ANY PRIOR CONVICTION AS IMPEACHMENT AND THE WEIGHT TO BE GIVEN TO THE TESTIMONY OF ANYONE WHO HAS PREVIOUSLY BEEN CONVICTED OF A FELONY.

AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.)  §15:07 (2008)

PROPOSED JURY INSTRUCTION NO.___D-26___

CREDIBILITY OF WITNESSES -PERJURER

THE TESTIMONY OF A PERJURER SHOULD ALWAYS BE CONSIDERED WITH CAUTION

AND WEIGHED WITH GREAT CARE.


AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §15:10
(2008)

PROPOSED JURY INSTRUCTION NO.___D-27____

<u>CREDIBILITY OF WITNESSES -THE DEFENDANT AS A WITNESS</u>

YOU SHOULD JUDGE THE TESTIMONY OF DEFENDANT ANTHONY BURFOOT IN THE

SAME MANNER AS YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS IN THIS CASE.


AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §15:12
(2008)

PROPOSED JURY INSTRUCTION NO.___D-28___

<u>CHARACTER EVIDENCE - REPUTATION OF THE DEFENDANT</u>

THE DEFENDANT HAS OFFERED EVIDENCE OF HIS OWN GOOD GENERAL REPUTATION FOR TRUTH AND VERACITY, HONESTY AND INTEGRITY, AND BEING A LAW-ABIDING CITIZEN. THE JURY SHOULD CONSIDER THIS EVIDENCE ALONG WITH ALL THE OTHER EVIDENCE IN THE CASE IN REACHING ITS VERDICT.

EVIDENCE OF A DEFENDANT'S REPUTATION, INCONSISTENT WITH THOSE TRAITS OF CHARACTER ORDINARILY INVOLVED IN THE COMMISSION OF THE CRIMES CHARGED, MAY GIVE RISE TO A REASONABLE DOUBT SINCE THE JURY MAY THINK IT IMPROBABLE OR UNLIKELY THAT A PERSON OF GOOD CHARACTER FOR TRUTH AND VERACITY, HONESTY AND INTEGRITY, AND BEING A LAW-ABIDING CITIZEN WOULD COMMIT SUCH CRIMES.


AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §15:15 (2008)

PROPOSED JURY INSTRUCTION NO. D-29

## THE GOOD FAITH DEFENSE - EXPLAINED

THE "GOOD FAITH" OF DEFENDANT ANTHONY BURFOOT IS A COMPLETE DEFENSE TO THE CHARGES IN THE INDICTMENT BECAUSE GOOD FAITH ON THE PART OF THE DEFENDANT IS, SIMPLY, INCONSISTENT WITH THE CRIMINAL INTENT ALLEGED IN EACH CHARGE.

A PERSON WHO ACTS, OR CAUSES ANOTHER PERSON TO ACT, ON A BELIEF OR OPINION HONESTLY HELD IS NOT PUNISHABLE UNDER THESE STATUTES MERELY BECAUSE THE BELIEF OR OPINION TURNS OUT TO BE INACCURATE, INCORRECT OR WRONG. AN HONEST MISTAKE IN JUDGMENT OR AN HONEST ERROR IN MANAGEMENT DOES NOT RISE TO THE LEVEL OF CRIMINAL CONDUCT.

A DEFENDANT DOES NOT ACT IN "GOOD FAITH" IF, EVEN THOUGH HE HONESTLY HOLDS A CERTAIN OPINION OR BELIEF, THAT DEFENDANT ALSO KNOWINGLY MAKES FALSE OR FRAUDULENT STATEMENTS, REPRESENTATIONS OR PROMISE TO OTHERS.

THE LAW IS WRITTEN TO SUBJECT TO CRIMINAL PUNISHMENT ONLY THOSE PEOPLE WHO HAVE THE NECESSARY CRIMINAL INTENT.

WHILE THE TERM "GOOD FAITH" HAS NO PRECISE DEFINITION, IT ENCOMPASSES, AMONG OTHER THINGS, A BELIEF OR OPINION HONESTLY HELD, AN ABSENCE OF MALICE OR ILL WILL, AND AN INTENTION TO AVOID TAKING UNFAIR ADVANTAGE OF ANOTHER.

IN DETERMINING WHETHER OR NOT THE GOVERNMENT HAS PROVEN THAT DEFENDANT ANTHONY BURFOOT ACTED WITH THE REQUIRED CRIMINAL INTENT OR WHETHER THE DEFENDANT ACTED IN GOOD FAITH, THE JURY MUST CONSIDER ALL OF THE EVIDENCE RECEIVED IN THE CASE BEARING ON THE DEFENDANT'S STATE OF MIND.

THE BURDEN OF PROVING GOOD FAITH DOES NOT REST WITH THE DEFENDANT

BECAUSE THE DEFENDANT DOES NOT HAVE ANY OBLIGATION TO PROVE TO YOU, BEYOND A

REASONABLE DOUBT, THAT DEFENDANT ANTHONY BURFOOT ACTED WITH THE REQUIRED

CRIMINAL INTENT.

IF THE EVIDENCE IN THE CASE LEAVES THE JURY WITH A REASONABLE DOUBT AS TO

WHETHER THE DEFENDANT ACTED WITH THE REQUIRED CRIMINAL INTENT OR IN GOOD

FAITH, THE JURY MUST ACQUIT DEFENDANT ANTHONY BURFOOT.

AUTHORITY: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, (6th Ed.) §19:06
(2008)

PROPOSED JURY INSTRUCTION NO. <u>D-30</u>

<u>KNOWINGLY</u>

YOU HAVE BEEN INSTRUCTED THAT IN ORDER TO SUSTAIN ITS BURDEN OF PROOF, THE GOVERNMENT MUST PROVE THAT THE DEFENDANT ACTED KNOWINGLY. A PERSON ACTS KNOWINGLY IF HE ACTS INTENTIONALLY AND VOLUNTARILY, AND NOT BECAUSE OF IGNORANCE, MISTAKE, ACCIDENT, OR CARELESSNESS. WHETHER THE DEFENDANT ACTED KNOWINGLY MAY BE PROVEN BY THE DEFENDANT'S CONDUCT AND BY ALL OF THE FACTS AND CIRCUMSTANCES SURROUNDING THE CASE.

<u>AUTHORITY:</u> 1  Sand, Siffert, Laughlin and Reiss, <u>Modern Federal Jury Instructions</u>, Instruction 3A-1 (1994).

PROPOSED JURY INSTRUCTION NO. <u>D-31</u>

<u>INTENTIONALLY</u>

      THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ACTED INTENTIONALLY. BEFORE YOU CAN FIND THAT THE DEFENDANT ACTED INTENTIONALLY, YOU MUST BE SATISFIED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ACTED DELIBERATELY AND PURPOSEFULLY. THAT IS, DEFENDANT'S ACTS MUST HAVE BEEN THE PRODUCT OF DEFENDANT'S CONSCIOUS OBJECTIVE RATHER THAN THE PRODUCT OF A MISTAKE OR ACCIDENT.

<u>AUTHORITY</u>: 1  Sand, Siffert, Laughlin and Reiss, <u>Modern Federal Jury Instructions</u>, Instruction 3A-4 (1994).

PROPOSED JURY INSTRUCTION NO. <u>D-32</u>

<u>IMPEACHMENT - BIAS OR PREJUDICE</u>

YOU MAY ALSO CONSIDER ANY DEMONSTRATED BIAS, PREJUDICE OR HOSTILITY OF

A WITNESS IN DETERMINING THE WEIGHT TO BE ACCORDED TO HIS TESTIMONY.

<u>AUTHORITY:</u> 1 Devitt and Blackmar, Federal Jury Practice and Instructions, § 17.07
(1986 Reprint).

PROPOSED JURY INSTRUCTION NO. <u>D-33</u>

<u>INTEREST IN OUTCOME</u>

IN EVALUATING CREDIBILITY OF THE WITNESSES, YOU SHOULD TAKE INTO ACCOUNT ANY EVIDENCE THAT THE WITNESS WHO TESTIFIED MAY BENEFIT IN SOME WAY FROM THE OUTCOME OF THIS CASE. SUCH AN INTEREST IN THE OUTCOME CREATES A MOTIVE TO TESTIFY FALSELY AND MAY SWAY THE WITNESS TO TESTIFY IN A WAY THAT ADVANCES HIS OWN INTERESTS. THEREFORE, IF YOU FIND THAT ANY WITNESS WHOSE TESTIMONY YOU ARE CONSIDERING MAY HAVE AN INTEREST IN THE OUTCOME OF THIS TRIAL, THEN YOU SHOULD BEAR THAT FACTOR IN MIND WHEN EVALUATING THE CREDIBILITY OF HIS OR HER TESTIMONY AND ACCEPT IT WITH GREAT CARE.

THIS IS NOT TO SUGGEST THAT EVERY WITNESS WHO HAS AN INTEREST IN THE OUTCOME OF A CASE WILL TESTIFY FALSELY. IT IS FOR YOU TO DECIDE TO WHAT EXTENT, IF AT ALL, THE WITNESS' INTEREST HAS AFFECTED OR COLORED HIS OR HER TESTIMONY.

<u>AUTHORITY</u>: <u>1</u> Sand, Siffert, Laughlin and Reiss, Modern Federal Jury Instructions, Instruction 7-3 (1994).

PROPOSED JURY INSTRUCTION NO. <u>D-34</u>

<u>UNINDICTED CO-CONSPIRATOR AS GOVERNMENT WITNESS</u>

THE GOVERNMENT HAS CALLED AS WITNESSES PEOPLE WHO ARE NAMED BY THE PROSECUTION AS CO-CONSPIRATORS BUT WHO WERE NOT CHARGED AS DEFENDANTS.

FOR THIS REASON, YOU SHOULD EXERCISE CAUTION IN EVALUATING THEIR TESTIMONY AND SCRUTINIZE IT WITH GREAT CARE. YOU SHOULD CONSIDER WHETHER THEY HAVE AN INTEREST IN THE CASE AND WHETHER THEY HAVE A MOTIVE TO TESTIFY FALSELY. IN OTHER WORDS, ASK YOURSELVES WHETHER THEY HAVE A STAKE IN THE OUTCOME OF THIS TRIAL. AS I HAVE INDICATED, THEIR TESTIMONY MAY BE ACCEPTED BY YOU IF YOU BELIEVE IT TO BE TRUE AND IT IS UP TO YOU, THE JURY, TO DECIDE WHAT WEIGHT, IF ANY, TO GIVE TO THE TESTIMONY OF THESE UNINDICTED CO-CONSPIRATORS.

<u>AUTHORITY</u>: 1 Sand, Siffert, Laughlin and Reiss, Modern Federal Jury Instructions, Instruction 7-7 (1994).

PROPOSED JURY INSTRUCTION NO. <u>D-35</u>

<u>CODEFENDANT'S PLEA AGREEMENT</u>

IN THIS CASE, THERE HAS BEEN TESTIMONY FROM GOVERNMENT WITNESSES WHO PLED GUILTY AFTER ENTERING INTO AN AGREEMENT WITH THE GOVERNMENT TO TESTIFY. THERE IS EVIDENCE THAT THE GOVERNMENT AGREED TO DISMISS SOME CHARGES AGAINST SUCH WITNESSES AND AGREED NOT TO PROSECUTE THEM ON OTHER CHARGES IN EXCHANGE FOR THE WITNESSES' AGREEMENT TO PLEAD GUILTY AND TESTIFY AT THIS TRIAL AGAINST THE DEFENDANT. THE GOVERNMENT ALSO PROMISED TO BRING THE WITNESSES' COOPERATION TO THE ATTENTION OF THE SENTENCING COURT.

THE GOVERNMENT IS PERMITTED TO ENTER INTO THIS KIND OF PLEA AGREEMENT. YOU, IN TURN, MAY ACCEPT THE TESTIMONY OF SUCH WITNESSES AND CONVICT THE DEFENDANT ON THE BASIS OF THIS TESTIMONY ALONE, IF IT CONVINCES YOU OF THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT.

HOWEVER, YOU SHOULD BEAR IN MIND THAT A WITNESS WHO HAS ENTERED INTO SUCH AN AGREEMENT HAS AN INTEREST IN THIS CASE DIFFERENT THAN ANY ORDINARY WITNESS. A WITNESS WHO REALIZES THAT HE OR SHE MAY BE ABLE TO OBTAIN THEIR OWN FREEDOM, OR RECEIVE A LIGHTER SENTENCE BY GIVING TESTIMONY FAVORABLE TO THE PROSECUTION, HAS A MOTIVE TO TESTIFY FALSELY. THEREFORE, YOU MUST EXAMINE THEIR TESTIMONY WITH CAUTION AND WEIGH IT WITH GREAT CARE. IF, AFTER SCRUTINIZING THEIR TESTIMONY, YOU DECIDE TO ACCEPT IT, YOU MAY GIVE IT WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES.

<u>AUTHORITY</u>: 1 Sand, Siffert, Laughlin and Reiss, Modern Federal Jury Instructions, Instruction 7-11 (1994).

PROPOSED JURY INSTRUCTION NO. <u>D-36</u>

<u>LAW ENFORCEMENT WITNESS</u>

YOU HAVE HEARD THE TESTIMONY OF LAW ENFORCEMENT OFFICIALS. THE FACT THAT A WITNESS MAY BE EMPLOYED AS A LAW ENFORCEMENT OFFICIAL DOES NOT MEAN THAT THEIR TESTIMONY IS NECESSARILY DESERVING OF MORE OR LESS CONSIDERATION OR GREATER OR LESSER WEIGHT THAN THAT OF AN ORDINARY WITNESS.

AT THE SAME TIME, IT IS QUITE LEGITIMATE FOR THE DEFENSE COUNSEL TO TRY TO ATTACK THE CREDIBILITY OF A LAW ENFORCEMENT WITNESS ON THE GROUNDS THAT THEIR TESTIMONY MAY BE COLORED BY A PERSONAL OR PROFESSIONAL INTEREST IN THE OUTCOME OF THE CASE.

IT IS YOUR DECISION, AFTER REVIEWING ALL THE EVIDENCE, WHETHER TO ACCEPT THE TESTIMONY OF A LAW ENFORCEMENT WITNESS AND TO GIVE TO THAT TESTIMONY WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES.

<u>AUTHORITY</u>: 1 Sand, Siffert, Laughlin and Reiss, Modern Federal Jury Instructions, Instruction 7-16 (1994).

PROPOSED JURY INSTRUCTION NO. <u>D-37</u>

<u>"INTENT TO DEFRAUD" – DEFINED</u>

TO ACT WITH "INTENT TO DEFRAUD" MEANS TO ACT KNOWINGLY AND WITH THE INTENTION OR THE PURPOSE TO DECEIVE OR TO CHEAT.

AN "INTENT TO DEFRAUD" IS ACCOMPANIED, ORDINARILY, BY A DESIRE OR WITH THE PURPOSE TO BRING ABOUT SOME GAIN OR BENEFIT TO ONESELF OR TO SOME OTHER PERSON OR BY A DESIRE OR WITH A PURPOSE TO CAUSE A LOSS TO SOME PERSON.

AUTHORITY: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (6th Ed.) §11:03 (2008)