IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. <u>2:16cr6</u>

ANTHONY L. BURFOOT

### <u>DEFENDANT ANTHONLY L. BURFOOT'S BRIEF IN SUPPORT OF MOTION *IN LIMINE* REGARDING GOVERNMENT'S PROPOSED 404 (b) EVIDENCE</u>

COMES NOW the defendant, Anthony L. Burfoot, by counsel, and as and for his Brief In Support of Motion *In Limine* Regarding Government's Proposed 404 (b) Evidence, respectfully states as follows:

<u>INTRODUCTION</u>

The Government has indicated that it intends to seek to introduce during trial certain so-called "crimes, wrongs, or other acts," not specifically charged in the Indictment but which the Government contends are admissible pursuant to Federal Rule of Evidence 404 (b).

The defendant respectfully submits that there are substantial and significant questions surrounding the potential admissibility of what the Government has identified as 404 (b) evidence. Because the defendant respectfully submits that much of this proposed evidence may be inadmissible, the defendant respectfully submits that in order to protect the integrity of the trial by not exposing the jury to matters about which evidence may be excluded under Rule 404 (b), the defendant respectfully moves the Court *in limine* to preclude the Government from mentioning any of this proposed evidence in its opening statement so as to allow the Court to make proper rulings on the admissibility of such evidence as it is offered during the trial.

1

The defendant does not move at this time for a definitive ruling on the admissibility of this proposed evidence, as the defendant acknowledges that the Court will have to hear the evidence at the appropriate time in the context of the trial before it can make an informed ruling as to admissibility.  The defendant only seeks to preclude at this time the Government from mentioning this evidence in the opening statement to avoid undue prejudice to the defendant until the Court can rule on the evidence during trial and can determine what of this evidence may or may not be appropriate for the jury to hear.

ARGUMENT

Federal Rule of Evidence 404 (b) specifically states that:

> (1) **Prohibited Uses**.  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

In its Trial Memorandum, however, the Government argues that certain evidence is admissible under the exceptions contained in Rule 404 (b) (2) "with respect to Mr. Burfoot's intent, plan, knowledge and absence of mistake." Government's Trial Memorandum at p. 12.

More specifically, the defendant objects to the admissibility of the following proposed 404 (b) evidence as identified by the Government:

1.   That the defendant "abused his position by requiring a constituent to provide him with two lots, free of charge, to assist her in obtaining necessary city approvals for her proposed development;"

2.   That the defendant "abused his position by demanding a thing of value in exchange for supporting the placement of a storage facility in his Ward;"

2

3. That the defendant "abused his position by offering to use his authority at the Norfolk Redevelopment Housing Authority to negotiate a higher sale price for property located on Lafayette in exchange for a portion of the purchase price;"

4. That the defendant "abused his position by telling a property owner that he intended to obtain funds from Old Dominion University…solely by assigning his contract to purchase land on Hampton Boulevard that he was aware ODU wanted to acquire;"

5. That the defendant "abused his position as Chief Deputy Treasurer by arranging for his best friend… to obtain a contract with the Treasurer's Office to collect delinquent business and property taxes;"

6. That the defendant "abused his position by nominating his girlfriend to serve on the Norfolk Library Board," and "did not disclose his conflict of interest before voting;"

7. That the defendant "abused his position by hiring close friends, associates, and other unqualified individuals for positions in the Treasurer's Office;"

8. That the defendant "abused his position by offering a job to an individual involved in the corruption investigation;" and

9. That "several women will testify that they visited… [RB's] beach house" with defendant.

The defendant intends to argue at the appropriate time that this proposed evidence is not "relevant with respect to Mr. Burfoot's intent, plan, knowledge and absence of mistake" as urged by the Government in their Trial Memorandum at page 12; that it is not "necessary" as urged by the Government in its Trial Memorandum at page 12; that there are reliability issues with some of the proposed evidence, contrary to the Government's argument in its Trial Memorandum at page 13; and that the evidence in any event is substantially more prejudicial than probative under both Rule 404 (b) and Rule 403,

contrary to the Government's position in its Trial Memorandum at page 13, and would otherwise confuse the issues, mislead the jury, and cause undue delay and waste of time as also prohibited under Rule 403.

## CONCLUSION

Accordingly, for the foregoing reasons, the defendant respectfully submits that the Court should take under advisement the Government's proposed introduction of the above-described Rule 404 (b) evidence, preclude the Government from mentioning such evidence in its opening statement, and reserve further ruling until the evidence is presented in the course of the trial and can be fully and appropriately assessed by the Court.

                                              ANTHONY L. BURFOOT
                                              By:_____/s/_____
                                                       Of counsel

Andrew M. Sacks, Esquire, VSB#: 20082
Stanley E. Sacks, Esquire, VSB# 04305
Attorneys for defendant Anthony L. Burfoot
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 801
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

    Melissa E. O'Boyle, Esquire
    Assistant United States Attorney
    United States Attorney's Office
    101 West Main Street, Suite 8000
    Norfolk, Virginia 23510
    Phone: (757) 441-6331
    Fax: (757) 441-6689
    Email: Melissa.OBoyle@usdoj.gov


Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Stanley E. Sacks, Esquire, VSB# 04305
Attorneys for defendant Anthony L. Burfoot
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 801
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

F:\IC\BURFOOT Anthony\BRIEF.MotLimine11 6 16.docx