IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:16cr6 |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY L. BURFOOT | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S SECOND SUPPLEMENTAL DISCOVERY MOTION**

The United States of America, through its undersigned counsel, files this response in opposition to defendant's second supplemental discovery motion. For the reasons outlined below, the defendant's motion should be denied. In support of its position, the government states as follows:

On January 7, 2016, a grand jury sitting in Norfolk returned an 8-count indictment against defendant Anthony L. Burfoot. During discovery, the government produced every bank account record that it had in its possession related to Genesis Staffing, Tivest, Dwight Etheridge, and Anthony Burfoot. This discovery included, but was not limited to, all Genesis Staffing bank accounts at the Bank of the Commonwealth and all bank records related to Anthony Burfoot's accounts at Towne Bank.

On January 26, 2016, the government sent a letter to defense counsel describing the various categories of discovery the government had in its possession. In the letter, the government also offered to make the Bank of the Commonwealth database available to the defendant. The government explained that defendant needed to provide a 1.5 TB hard drive to

copy the entire database. The government also explained that the process would take approximately three weeks, and asked for the defendant to let the government know "as soon as possible" whether he wanted the database so that we could facilitate his request.

Now, three and a half weeks into trial, the defendant asks the Court to demand that "the government provide to the defendant's counsel copies of any cashier's checks drawn on Anthony Burfoot's Towne Bank account in the 2005/2006 timeframe payable to Genesis Staffing in the amount of $10,000 and purchased by Mr. Burfoot at that time which may be in the care, custody, possession, or control of the Government in any form or fashion including within the Bank of the Commonwealth document/discovery database." As discussed above, the government already produced every bank account connected to Genesis Staffing that it had in its possession to the defendant and it has no knowledge of any such $10,000 check. Moreover, Genesis Staffing did not have a bank account at the Bank of the Commonwealth until January 5, 2009 – approximately three years after the date of Mr. Burfoot's alleged check. Thus, a search of the Bank of the Commonwealth database would be entirely fruitless as Genesis Staffing did not have an account at Bank of the Commonwealth in 2005/2006. Moreover, the government separately produced all records in its possession related to these Bank of the Commonwealth Genesis Staffing bank accounts to the defendant in early 2016, as such, defendant has had sufficient time to review these bank accounts for any such check.

Finally, defendant has known about these allegations since January 7, 2016. And, as explained in defendant's own motion, the alleged $10,000 check that the government has no knowledge of purportedly came from the <u>defendant's own Towne Bank account</u>. Defendant has had eleven months to obtain copies of his own bank records from his own bank. Alternatively, defendant had the power to compel the production of such records through the use of a trial

2

subpoena. Defendant has no right to demand, at this stage, that the government expend time and resources searching for an alleged check that, again, it has never seen in the defendant's bank account. The government produced every bank record in its possession connected to this investigation, and made the Bank of the Commonwealth database available to the defendant eleven months ago. It has complied with all of its discovery obligations in this case, and respectfully submits that defendant is simply attempting to divert government resources at this time.

Accordingly, for these reasons, the government respectfully submits that the Court should deny defendant's second supplemental discovery motion.

Respectfully submitted,

DANA J. BOENTE
United States Attorney

By: _____/s/_____
Melissa E. O'Boyle
Katherine Lee Martin
Uzo E. Asonye
Assistant United States Attorneys
United States Attorney's Office
8000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23510
(757) 441-6331
(757) 441-6689
Melissa.oboyle@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on November 29, 2016, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Andrew M. Sacks
>Sacks & Sacks
>150 Boush Street, Suite 501
>Norfolk, Virginia 23510
>andrewsacks@lawfirmofsacksandsacks.com

>By: _____/s/_____
>Melissa E. O'Boyle
>Assistant United States Attorney
>Virginia State Bar No. 47449
>Attorney for the United States
>United States Attorney's Office
>101 West Main Street, Suite 8000
>Norfolk, VA 23510
>Office Number - 757-441-6331
>Facsimile Number - 757-441-6689
>E-Mail Address - melissa.oboyle@usdoj.gov